UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN FINLEY,

    Plaintiff,

v.

NATIONSTAR MORTGAGE,

    Defendant.
_____/

Case No. 18-cv-11176
Hon. Matthew F. Leitman

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #6)

In this action, Plaintiff Shawn Finley claims that Defendant Nationstar Mortgage violated the federal Fair Debt Collection Practices Act when it sent him allegedly false and misleading monthly account statements related to his home mortgage. (*See* Compl., ECF #1.) On July 16, 2018, Nationstar moved to dismiss Finley's Complaint. (*See* Mot. to Dismiss, ECF #6.) For the reasons stated below, the Court **GRANTS** Nationstar's motion.

### I

Finley lives in a home in Garden City, Michigan. (*See* Compl. at ¶1, ECF #1-1 at Pg. ID 9.) In 2006, Finley and his wife obtained a $25,000 loan from Citibank N.A. As security for that loan, the Finleys granted a mortgage against their home to Mortgage Electronic Registration Systems, Inc. (*See* Mortgage, ECF #6-3.)

Nationstar is the current holder and servicer of that mortgage. (*See* Compl. ¶7, ECF #1-1 at Pg. ID 10.)

On October 1, 2009, Finley and his wife filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan. (*See* Pet., ECF #6-5.) The Bankruptcy Court granted them a discharge on January 19, 2010. (*See* Discharge, ECF #6-6.) The discharge extinguished Finley's personal liability for the mortgage debt held and serviced by Nationstar. (*See* Compl. at ¶8, ECF #1-1 at Pg. ID 10.)

After Finley's discharge, Nationstar sent him "monthly statements" related to his mortgage. (*Id.* at ¶10, Pg. ID 10.) Nationstar attached an exemplar monthly statement to its motion to dismiss. (*See* ECF #6-7.[1]) At the very top of the statement, in all capital letters, it says "INFORMATIONAL STATEMENT." (*See id.* at Pg. ID 108.) A box located on the upper left-hand side of the statement then lists the "Statement Date," "Loan Number," "Payment Due Date," and "Amount Due." (*Id.*) Beneath that box, in entirely bolded (though, smaller) font, the statement contains a

---

[1] Finley's monthly mortgage statements are referred to in the Complaint and are central to his claims. Accordingly, the Court may consider the monthly statements, other documents referred to in the Complaint and central to Finley's claims, and matters of public record (such as court filings) when ruling on Nationstar's motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322-23 (2007); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

disclaimer telling Finley that if his mortgage debt has been discharged in bankruptcy, he should not regard the statement as an attempt to collect the mortgage debt against him personally:

> **Please be advised that this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code<u>. If this account has been discharged in a bankruptcy proceeding, please be advised this communication is for informational purposes only and not an attempt to collect a debt against you</u>; however, the servicer/lender reserves the right to excise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. <u>Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.</u>**

(*Id.*; bold emphasis in original; underline emphasis added.)

There are then two boxes of information immediately below the disclaimer. The box on the left is titled "Account Information," and it lists, among other things, the "Interest Bearing Principal Balance." (*Id.*) The box on the right is titled "Explanation of Amounts Payable," and it includes, among other things, the "Regular Monthly Payment" amount and the "Total Amount Due." (*Id.*) Finally, at the bottom of the statement, there is a payment coupon. At the top of the payment coupon, in bold, all capital letters, it says "VOLUNTARY PAYMENT COUPON."

(*Id.*) The coupon then lists Finley's account number and the "Total Amount Due" in separate boxes. (*Id.*)

**II**

Finley filed this action against Nationstar on March 2, 2018. (*See* Compl., ECF #1-1.) He alleges that Nationstar violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), when it sent him the monthly account statements described above.[2] He says that the statements are "false and misleading" because they list an "amount due" even though the Bankruptcy Court discharged Finley's personal obligation to pay his mortgage debt. (Compl. at ¶12, ECF #1-1 at Pg. ID 10.) Finley asserts that the statements violate Sections 1692e and 1692f of the FDCPA.[3] (*Id.* at ¶13, Pg. ID 10.) Nationstar moved to dismiss Finley's Complaint on July 16, 2018. (*See* ECF #6.)

---

[2] Finley also alleged in his Complaint that Nationstar violated the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, Mich. Comp. Laws § 445.1651 *et seq*. (*See* Compl. at ¶¶ 17-26, ECF #1-1 at Pg. ID 10-12.) Finley has since agreed to dismiss that claim. (*See* Finley Resp. to Mot. to Dismiss, ECF #9 at Pg. ID 197.) Thus, Finley's sole remaining claim is the one under the FDCPA.

[3] In relevant part, Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Likewise, Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1962f.

## III

Nationstar has moved to dismiss Finley's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *See id*. When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV

### A

As noted above, the Bankruptcy Court's discharge extinguished Finley's *personal* liability for the $25,000 loan that was secured by the mortgage on his home. However, the discharge did not eliminate Nationstar's right to foreclose on Finley's mortgage in order to collect the outstanding mortgage balance. As one district court has explained, a discharge from bankruptcy "'only prevents enforcement of personal liability' and 'it does not prevent foreclosure of a mortgage that remains in default after a discharge is issued and a Chapter 7 case is closed.'" *Thompson v. Ocwen Fin. Corp.*, 2018 WL 513720, at *4 (D. Conn. Jan. 23, 2018) (quoting *In re Wilson*, 492 B.R. 691, 696 (Bankr. S.D.N.Y. 2013).[4] Thus, even though Finley obtained a discharge of his mortgage, the Bankruptcy Code did not preclude Nationstar from communicating to him information that may be relevant to a possible foreclosure and/or relevant to how he may avoid a possible foreclosure.

### B

The monthly statements that Nationstar sent to Finley included information – including the amounts then due under the loan secured by the mortgage – that he

---

[4] *See also In re Johnson*, 439 B.R. 416, 428 (Bankr. E.D. Mich. 2010) ("[A] Chapter 7 bankruptcy discharge does not, in and of itself, discharge a creditor's lien. And actions that merely seek to enforce a creditor's surviving lien are not considered to be actions to collect a debt 'as a personal liability of the debtor' within the meaning of the [bankruptcy discharge] injunction) (quoting 11 U.S.C. § 524(a)(2)).

needed to know in order to prevent the possible foreclosure of his mortgage and loss of his house. The question before the Court is whether Nationstar communicated that information in a manner that violated the FDCPA. It did not.

**1**

"Congress passed the FDCPA to address the widespread and serious national problem of debt collection abuse by unscrupulous debt collectors." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014). "The Act prohibits a wide array of specific conduct, but it also prohibits, in general terms, any harassing, unfair, or deceptive debt collection practice." *Id.*

The FDCPA "does not apply to *every* communication between a debt collector and a debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (emphasis in original). To fall within the FDCPA, a statement must be made "in connection with the collection of a debt." *Id.* This means that "the animating purpose of the communication must be to induce payment by the debtor" to settle an outstanding debt. *Id.*

**2**

The "animating purpose" of the monthly statements described above was not to induce a payment from Finley in connection with a debt that he owed personally. Instead, as the very first word of each statement, in all capital letters, makes clear, the animating purpose of the statements was "INFORMATIONAL." (ECF #6-7 at

7

Pg. ID 108.) The statements simply identified the amount of the outstanding mortgage debt and informed Finley of the amount that had to be paid to bring the mortgage current. And the statements told Finley, in bold typeface, that if his mortgage loan had been discharged in a bankruptcy proceeding, then he should understand that Nationstar was not seeking to collect the listed amounts due against him personally: "**If this account has been discharged in a bankruptcy proceeding, please be advised this communication is for informational purposes only and not an attempt to collect a debt against you ... Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.**" (*Id.*; emphasis in original.) Moreover, the payment coupon attached to the statements was conspicuously labeled, in bold, all capital letters, "VOLUNTARY PAYMENT COUPON." (*Id.*) That label further clarified that Nationstar was simply offering Finley an opportunity to make a payment to avoid a possible foreclosure if he wished to do so and that Nationstar was not seeking to collect a debt that it claimed Finley owed.

When read as a whole, the "animating purpose" of the statements was not to collect a debt owed by Finley; the purpose, instead, was to provide Finley with information that he needed to know in order to avoid the possible foreclosure of his mortgage and loss of his house. The statements therefore do not come within the ambit of the FDCPA.

The United States Court of Appeals for the Fourth Circuit reached the same conclusion on similar facts in *Lovegrove v. Ocwen Home Loans Servicing*, L.L.C., 666 F. App'x 308 (4th Cir. 2016). In *Lovegrove*, a plaintiff "defaulted on his mortgage … and [subsequently] received a Chapter 7 bankruptcy discharge of that debt." *Id.* at 309. After the debt was discharged, the plaintiff's mortgage servicer sent plaintiff a monthly mortgage statement that listed "the principal balance, the next payment due date, a payment coupon, and the total amount due." (*Id.*) The statement also included a disclaimer that provided: "If … the obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt." *Id.* at 310.

The Fourth Circuit held that the monthly statements "[did] not constitute an attempt to collect a debt" and therefore did not "implicate[]" the FDCPA. *Id.* at 311-12. It concluded that the statements were "for informational purposes only, were non-threatening in nature, and contained clear and unequivocal disclaimers to establish that they were not in connection with the collection of a debt under [the plaintiff's] circumstances." *Id.* Thus, the court explained, "[a]rmed with [the] knowledge [of the straightforward disclaimers], and the understanding that his debt

9

had been discharged in bankruptcy, [the plaintiff] should have known that [the mortgage servicer] was not attempting to collect a debt from him."[5] *Id.* at 312.

The United States District Court for the District of Connecticut came to the same conclusion in *Thompson*, *supra*. In *Thompson*, the plaintiff's mortgage debt was discharged in a Chapter 7 bankruptcy. The plaintiff then received a mortgage account statement that listed "the amount of principal, interest, and total unpaid amount that is due." *Thompson*, 2018 WL 513720, at *4. The statement then provided, in bold letters, that it was "for informational purposes only." *Id.* The back of the statement also included a disclaimer that provided: "If the debt … has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally." *Id.* The court dismissed the plaintiff's FDCPA claims related to the account statement because it was "clear that [the statement] was not an attempt to collect a debt within the scope of the FDCPA." *Id.*

Like *Lovegrove* and *Thompson*, "this is a case where a debtor, who has been discharged in bankruptcy, but continues to live in a [] home [secured by a mortgage],

---

[5] The Fourth Circuit also noted that there was no evidence that the creditor "harassed [the plaintiff] or tried to pressure [him] into making payments through multiple phone calls or threats." *Lovegrove*, 666 F. App'x at 312. Likewise here, Finley has not alleged that Nationstar ever called him to demand payment or did anything more than sent him the monthly statements referenced in the Complaint.

10

received documents that contain clear disclaimers indicating that they are not an attempt to collect a debt" from him. *Lovegrove*, 666 F. App'x at 312. This Court agrees with the courts in *Lovegrove* and *Thompson* that under these circumstances, the statements were not an attempt to collect a debt from Finley. Notably, Finley has not cited a single decision in which any court has reached a contrary conclusion with respect to similar informational statements. Because the statements sent by Nationstar do not "implicate[]" the FDCPA, Finley has failed to state a cognizable FDCPA claim against Nationstar based upon those statements. *Id.*

## VI

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Nationstar's motion to dismiss (ECF #6) is **GRANTED** and Finley's Complaint (ECF #1-1) is **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764